IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**In Re SLEP-TONE ENTERTAINMENT CORP.
consolidated cases,**

                                          **CASE NO. 5:11-cv-32/RS-CJK**

_____/

## ORDER

Before me is Plaintiff's Motion for Default Judgment (Doc. 79) against Defendant Steve Jarvis (Jarvis"). Defendant Jarvis, against whom default judgment is sought, has not opposed the motion.

## FINDINGS OF FACT

1. On February 2, 2011, Slep-Tone commenced this action against Defendant Jarvis. (Doc. 1).

2. On February 3, 2011, the Clerk issued a summons directed Defendant Jarvis. (Doc. 7). Service of process was effected upon the Defendant Jarvis on March 31, 2011. (Doc. 20). Defendant Jarvis failed to file a timely answer or other response to the Complaint, and default was entered as to him on June 8, 2011. (Doc. 44).

3. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, and of U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design® ("the Marks").

4. Defendant Jarvis has used a reproduction, counterfeit, or copy of the Marks in connection with his providing karaoke services, by displaying that reproduction, counterfeit, or copy during the provision of his services.

5. Slep-Tone has elected to receive an award of statutory damages.

## CONCLUSIONS OF LAW

1. Because of his default in this matter, Defendant Jarvis is deemed to have admitted those facts alleged in the Complaint, that are material to Slep-Tone's claims against him.  *See Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).

2. By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows, the Defendant Jarvis has violated Section 43(a) of the Trademark Act of 1946, as amended, in that the display of Slep-Tone's marks constitutes a false designation of the origin of those materials.

3. Defendant Jarvis' acts further constitute a *per se* violation of FDUTPA.  *See TracFone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1365 (S.D. Fla. 2009)

4. An injunction forbidding the use of all unauthorized copies of karaoke tracks, is an appropriate remedy for the federal unfair competition and FDUTPA violations and would be appropriate to protect the rights of the Plaintiff, its legitimate downstream customers, and the public at large.

5. The Trademark Act permits the destruction of infringing articles as an additional remedy for trademark infringement involving counterfeiting.

6. Because of the ease with which karaoke tracks may be duplicated from a computer hard drive and the difficulty in monitoring and enforcing compliance with the permanent injunctive relief, an order requiring the Defendant Jarvis' computer hard drives and other media containing counterfeit karaoke tracks to be surrendered for destruction is appropriate under the law and warranted by the facts of this case.

## ORDER, JUDGMENT, AND PERMANENT INJUNCTION

Plaintiff Slep-Tone Entertainment Corporation for Motion for Default Final Judgment (Doc. 79) is **GRANTED**.

**It is ORDERED:**

1. Pursuant to 15 U.S.C. § 1117, judgment is entered in favor of Plaintiff Slep-Tone and against Defendant Steve Jarvis for statutory damages in the principal amount of $25,000, for which sum let execution issue.  This amount is appropriate because Plaintiff has not demonstrated that Defendant has committed more harm with four systems than other defendants who have one system.

2. Interest from the date of entry of this judgment shall accrue at the legal rate, pursuant to 28 U.S.C. § 1961.

3. Defendant Jarvis, his agents and employees, and all persons in active concert or participation with them are hereby permanently **ENJOINED** (a) from using

(including making, copying, sharing, distributing, selling, or otherwise using), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, or the mark in U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successor-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are falsely marked with any mark or other designation belonging to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4. Defendant Jarvis is hereby ordered within 30 days of the date of entry of this Order to deliver to Slep-Tone, or make available for pickup, each data storage device (including, without limitation, a computer hard drive, compact disc, USB drive, portable music player, or other device capable of storing karaoke accompaniment tracks in digitized format) in his possession, custody, or control, which data storage device contains any karaoke accompaniment track, the continued existence of which is prohibited under paragraph 3 above.  Slep-Tone may destroy the data storage devices, at its own expense, by any lawful, appropriate means.

5. The Court retains jurisdiction over this cause and over the parties for the purposes of entering all further post-judgment orders that are appropriate.

**ORDERED** on November 21, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**