IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

In Re
SLEP-TONE ENTERTAINMENT
CORPORATION, CONSOLIDATED CASES        Case No: 5:11cv32/RS/CJK

---

### O R D E R

    This discovery matter is before me on Defendants' Motion to Compel Better Answers to Defendants' Deposition Questions (doc. 126) and Plaintiff's Response to Defendants Donovan's Reef and Green Glass Mall's Motion to Compel (doc. 129). In the motion, defendants Donovan's Reef Lounge & Package Store, Inc.,  and Green Glass Mall, Inc. ("Donovan's Reef"), take issue with deposition answers provided by Mr. Kurt Slep, appearing as Slep-Tone's designee under FEDERAL RULE OF CIVIL PROCEDURE 30(b)6).  Donovan's Reef has attached a brief excerpt of the deposition to its motion, and apparently intends for this excerpt to inform the court as to exactly what question or questions Mr. Slep improperly refused to answer.  I will assume this is the case because nowhere in the Donovan's Reef motion does Donovan's Reef specifically identify the questions to which it seeks to compel an answer.

    This case has been brought by Slep-Tone against a number of defendants. Slep-Tone is a company that produces products known as "compact disc plus graphics" and "MP3 plus graphics."  (Doc. 1, pp. 2-3).  These products are used by entertainment venues wishing to offer karaoke to patrons.  In its complaint, Slep-Tone generally alleges that persons known as "karaoke jockeys" have swapped or copied Slep-Tone's intellectual property which had been stored on the compact discs and MP3 products, and are illegally using Slep-Tone's product to promote karaoke

businesses.  The action is brought under the Trademark Act of 1946, 15 U.S.C. §§ 1114, 1125.  The claim against Donovan's Reef was originally brought in this district in civil action number 5:11cv69.  This claim has now been consolidated with a number of pending claims brought by Slep-Tone against various entertainment purveyors alleged to be illegally using Slep-Tone's karaoke products.  (Doc. 63).

From my review of the deposition excerpts (doc. 126-2), I have determined that counsel for Donovan's Reef inquired repeatedly concerning the basis for Slep-Tone's lawsuit against Donovan's Reef (doc. 126-2, pp. 16, 18, 19).  The most concise question to which Donovan's Reef would like an answer appears at page nineteen of the deposition where counsel says:  "But how do you know Donovan's Reef did what you're claiming?  What's the basis for your lawsuit against Donovan's Reef?"  At that point the deponent, Mr. Slep, said "My attorney has all the information" and counsel for Slep-Tone interposed a work product objection.  Counsel for Slep-Tone then stated that he would not produce any information concerning the basis of the lawsuit against Donovan's Reef.  The question before me, then, is whether plaintiff Slep-Tone should be compelled to provide to defendant Donovan's Reef a factual description of the proof Slep-Tone believes will carry the day in its claim against Donovan's Reef.

Plaintiff, in its response to the motion (doc. 129), claims that an answer to the question posed by Donovan's Reef "is attorney work product, because it comprises written reports from counsel's investigator generated for the purpose of enabling counsel to determine whether or not to sue and on what grounds."  (Doc. 129, p. 3).  This is not an accurate representation of the question asked at the deposition.  Instead, the question posed to Mr. Slep merely inquired as to the evidentiary basis upon which

the copyright infringement lawsuit has been brought.  Although investigative reports utilized by attorneys in determining whether to bring the lawsuits, and which defendants should be included, may well qualify as work product, that question is not before the court.  The simple question is whether a RULE 30(b)(6) deponent may be compelled to summarize the proof and facts upon which plaintiff relies to substantiate its allegations in this lawsuit.  This is not a difficult question.

The federal work product doctrine, originally enunciated in *Hickman v. Taylor*, 329 U.S. 495 (1947), is codified in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(3), and provides:  "(A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  "The work-product doctrine . . . is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries."  *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman*, 329 U.S. at 510-11).  The scope of the work product doctrine derives from its purposes:

> The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his client.  Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979).  The doctrine applies only to documents a party has assembled and not to facts learned from those documents.  *Hickman*, 329 U.S. 495, 67 S. Ct. 385; *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 697 (S.D. Fla. 1990) (*citing In Re Alexander Grant & Co. Litigation*, 110 F.R.D. 545, 548 (S.D. Fla. 1986)).  *Accord Smith v. Insurance Co. of No. America*, 30 F.R.D. 534, 538 (M.D. Tenn. 1962); *Cedolia v. C.S. Hill Saw Mills, Inc.*, 41 F.R.D. 524, 527 (M.D.N.C.

1967).  Thus, the doctrine cannot be used as a shield against discovery
of the facts that have been learned, the identity of the persons who
learned such facts, or the existence or non-existence of documents, even
though the documents themselves may not be subject to discovery.
*Pepper's Steel*, 132 F.R.D. at 697; *Cedolia*, 41 F.R.D. at 527; *Smith*, 30
F.R.D. at 538.

*Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 687-88 (S.D. Fla. 2010) (footnote
omitted).

A similar question has been presented recently in an action between competing
breweries.  In *Bear Republic Brewing Company v. Central City Brewing Company*,
275 F.R.D. 43 (D. Mass. 2011), plaintiff *Bear Republic* wished to utilize a deposition
to discover facts learned by an investigator employed by the defendant during the
course of investigation.   The court summarized the question and its answer as
follows:

> The next issue is whether Bear Republic is entitled to discover the
> facts which were learned by the investigator during the course of his
> investigation.  The answer is manifestly in the affirmative.  In the case
> of *Laxalt v. McClatchy*, 116 F.R.D. 438 (D. Nev., 1987), the Court dealt
> with an attempt to depose two investigators hired by defendants and
> held that:
>
>> [B]oth deponents must answer questions which seek to
>> discover all relevant facts in the case, regardless of whether
>> those facts were discovered in their roles as defendants'
>> investigators, or before those employment relationships
>> were created.
>
> *Laxalt*, 116 F.R.D. at 442–43 (citing *Eoppolo v. National Railroad
> Passenger Corp.*, 108 F.R.D. 292 (E.D. Pa., 1985) (and further
> collecting cases). *See also United States v. Dentsply International, Inc.*,
> 187 F.R.D. 152, 155–56 (D. Del., 1999)).  However, the Court noted
> that "... there is a possibility that a discussion of factual matters may

reveal counsel's tactical or strategic thoughts." *Id.* at 443 (citing *Powell v. United States Dept. of Justice*, 584 F. Supp. 1508, 1520 (N.D. Cal., 1984)). "The work product privilege protects intangible work product as well as what Fed. R. Civ. P. 26(b)(3) calls 'documents and tangible things'." *Nesse, etc. v. Pittman*, 202 F.R.D. 344, 356 (D.D.C., 2001) (citing *Alexander v. FBI*, 192 F.R.D. 12, 17 (D.D.C., 2000); *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 200, 209 (D.D.C., 1998); *Laxalt*, 116 F.R.D. at 441; *Delco Wire & Cable, Inc. v. Weinberger*, 109 F.R.D. 680, 691 (E.D. Pa., 1986)). As a result, at a deposition of an investigator, counsel must "... carefully tailor his questions in the deposition, so as to elicit specific factual material, and avoid broad based inquiries, ... which could lead to the disclosure of trial strategies." *Laxalt*, 116 F.R.D. at 443 (citing *Powell*, 584 F. Supp. at 1520).

To be clear, the Court rules that what is discoverable are the facts Mr. Staples learned during the course of his investigation. Unless there has been a waiver of the work-product protection, *see infra*, as noted, Rule 26(b)(3)(A), Fed. R. Civ. P., protects from disclosure "... documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party ...". And it is clear that Mr. Staples' work was for a "party", Central City, and was done "in anticipation of litigation or for trial." Thus, any reports Mr. Staples prepared for Central City's counsel would not be discoverable (absent waiver), but the facts recited in the reports would be. For these reasons, the Court will not quash the subpoena to Mr. Staples to the extent that Bear Republic seeks testimony respecting the facts which he uncovered during the course of his investigation.

*Id.* at 45-46.

Based upon the authorities noted above, and clearly consistent with the purpose of work product protection, questioning an opponent as to what factual information it will rely upon to support the case is perfectly appropriate discovery which does not impermissibly invade counsel's thought processes. The work product rule is not implicated merely because one party asks the other for the facts which support its

position.  *Bregman v. District of Columbia*, 182 F.R.D. 352, 356 (D.D.C. 1998); *see also United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990) (noting that deponent can be required to identify the factual basis for specific claims asserted in litigation).  "Otherwise, every witness that . . . counsel prepares for deposition pursuant to Rule 30(b)(6) could assert the work product doctrine on the basis that he learned the facts while reviewing documents selected by [counsel]." *Id.* Simply put, "the privilege does not apply to underlying facts which can be explored during deposition."  *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 545, 548 (S.D. Fla. 1986).

As in the cases discussed above, the information sought by Donovan's Reef concerns the facts upon which the litigation is based.  As of yet, these defendants have not sought (at least to the knowledge of this court) production of the documents substantiating those facts, and thus the question of whether investigative documents are privileged is not before the court.  The holding in *Bear Republic* is actually broader than any ruling sought by Donovan's Reef in that Bear Republic, the party to the litigation, actually sought to depose its opponent's investigator.  In the present case, the deposition in question is a Rule 30(b)(6) deposition of a corporate representative who did not himself do the investigation.  The suggestion that the corporate representative cannot be compelled to disclose an outline of the facts supporting the claim is not consonant with the work product privilege.  To carry this to its logical extent, one might inquire what would happen if Donovan's Reef were to file a motion for summary judgment stating that no facts have been brought forth to substantiate the allegations in the complaint.  Would Slep-Tone then respond that it could not reveal these facts because they are part of its work product?  If Slep-Tone

did so, it might well be faced with an adverse summary judgment, and it is not conceivable that Slep-Tone would choose this course of litigation.

Accordingly, it is ORDERED:

1.      At the expense of plaintiff Slep-Tone Entertainment Corporation, Mr. Kurt Slep will appear for a deposition, at a mutually agreeable time, but within two weeks of the date of this order, pursuant to the original Notice of Deposition filed in this case (doc. 126-1).  Slep-Tone Entertainment Corporation will bear all costs of this deposition, including the court reporter.

2.      At such deposition, Mr. Slep must provide the facts learned by Slep-Tone during the course of its investigation into the alleged copyright violations as those facts pertain to Donovan's Reef and Green Glass Mall.

3.      Plaintiff will not be required to provide any true work product, including disclosure of trial strategy, or documents and tangible things that have been actually prepared in anticipation of litigation.  To be clear, the facts known to Slep-Tone which would support the claims advanced against these defendants must be disclosed in the RULE 30(b)(6) deposition.

4.      Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37, I find that Slep-Tone's refusal to answer the deposition question was not substantially justified. Accordingly, I will award reasonable expenses incurred by Donovan's Reef in pursuit of this motion.  Counsel for Donovan's Reef will file an affidavit of expenses incurred, including attorneys fees, within ten days of the date of this order.  Plaintiff will be allowed ten days in which to respond.

DONE AND ORDERED this 11th  day of April, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**