UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE: SLEP-TONE ENTERTAINMENT CORP.
Consolidated cases.

CASE NO. 5:11cv32-RS/CJK

### DEFENDANTS, DONOVAN'S REEF LOUNGE & PACKAGE STORE, INC. AND GREEN GLASS MALL, INC., MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, Donovan's Reef Lounge & Package Store, Inc. and Green Glass Mall, Inc., and move this Honorable Court, pursuant to the Federal Rules of Civil Procedure, for a summary judgment in favor of said Defendants on the grounds that there are no material issues of fact, and said Defendants are entitled to a judgment as a matter of law, as appears from the pleadings, deposition of Kurt Slep, and based upon the affidavit attached hereto. The grounds for this Motion for Summary Judgment are as follows:

### BACKGROUND

1. Plaintiff, Slep-Tone Entertainment Corporation ("Slep-Tone"), produces and distributes karaoke products which are used during karaoke shows.

2. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark Sound Choice. Slep-Tone is also the owner of U.S. Trademark Registration No. 2,000,725 for a display trademark for Sound Choice.

3. Slep-Tone distributes songs in a special encoded format known as "CD+G" (compact disc plus graphics). CD+G is distributed on a physical compact disk. Operating under the trade name "Sound Choice," Slep-Tone sells its products through retail distribution channels and on the internet at www.soundchoicestore.com.

4. Slep-Tone marks its CD+Gs with the SOUND CHOICE registered marks discussed above (collectively, the "SOUND CHOICE marks"). Slep-Tone also encodes the graphics portion of its CD+Gs with the SOUND CHOICE marks so that the SOUND CHOICE marks appear on the video display during a performance.

5. Slep-Tone permits the owner of a genuine SOUND CHOICE CD+G compact disc to transfer it to a single computer or karaoke recording player; however, the customer must keep the original copy of the CD+G in his possession.

6. The complaint alleges, among other things, that Donovan's Reef and Green Glass Mall operate establishments whereby karaoke entertainment is provided to their customers.

7. Also, the complaint alleges, as part of those karaoke shows, the SOUND CHOICE marks were displayed without license, or right to do so, through the use of unauthorized counterfeit goods bearing the SOUND CHOICE marks.

8. The complaint asserts causes of action against numerous defendants, including Donovan's Reef and Green Glass Mall, for federal trademark infringement, federal unfair competition, and deceptive and unfair trade practices under Florida law.

9. Donovan's Reef and Green Glass Mall own hundreds of SOUND CHOICE CD+G compact discs; therefore, Donovan's Reef and Green Glass Mall are completely 100% authorized to use the subject discs and/or transfer these discs to their computer.

10. Although Slep-Tone distributes its songs through its CD+G encoded format, Slep-Tone does <u>not</u> have the licensing rights to use these songs.

11. The affidavit of George Davis, President of Donovan's Reef and Green Glass Mall, is attached hereto in support of this motion.

## STANDARD OF REVIEW

12. Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), <u>Celotex Corp. v. Catrell</u>, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion in that "the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed

causes of action will identify which facts are material. Id. Throughout this analysis, the Court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. Id. at 255.

13. Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the non-moving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-40 (1986).

14. This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

15. With regard to the nonmoving party's obligation to set out specific facts showing a genuine issue for trial, Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 379-80 (6th Cir. 2007). Rather, Rule 56 allocates that duty to the opponent of the motion, which is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact.

16. Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the nonmoving party, could lead a rational

trier of fact to find in favor of the nonmoving party. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87. The Court's inquiry here, therefore, asks whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.

## DISCUSSION

17. Slep-Tone accuses Donovan's Reef and Green Glass Mall of counterfeiting Slep-Tone's SOUND CHOICE karaoke recordings by, without Slep-Tone's authorization, copying and providing karaoke shows to the public on electronic media such as hard drives. Slep-Tone further contends that when the allegedly counterfeit recordings are played, during the course of a karaoke show, the SOUND CHOICE marks are displayed on the screen. This is the claim against Donovan's Reef and Green Glass Mall; however, this claim of counterfeiting and/or unauthorized use is false.

18. Based upon the allegations of counterfeiting, Slep-Tone's complaint asserts three claims against Defendants. Slep-Tone's claims are the following:

(1) Federal Trademark infringement under 15 U.S.C. § 1114 (Lanham Act § 32);

(2) Federal Unfair Competition under 15 U.S.C. § 1125 (Lanham Act § 43);

(3) Deceptive Trade Practices under Florida law.

19. Donovan's Reef and Green Glass Mall deny any unauthorized use of a valid trademark belonging to Slep-Tone.

20. To establish Slep-Tone's claims under 15 US.C. §§ 1114(1) and 1125(a), and under Florida law, Slep-Tone must show that it has valid marks entitled to protection, and that Donovan's Reef and Green Glass Mall committed unauthorized actions which are likely to result in confusion with Slep-Tone's marks. 15 U.S.C. §§ 1114(1) and 1125(a); Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center, 109 F.3d 275, 288 (6th Cir. 1997). Slep-Tone must therefore allege specific facts to demonstrate unauthorized use of the SOUND CHOICE marks by Donovan's Reef and Green Glass

Mall.

21.     Slep-Tone claims that counterfeiting is a rampant problem that has devastated the karaoke industry; however, Slep-Tone has failed to direct the Court's attention to any evidence in the record tending to show the unauthorized use of the SOUND CHOICE marks by Donovan's Reef and/or Green Glass Mall.

22.     A party opposing summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of fact.  Sperle v. Michigan Dept. of Corrections, 297 F.3d 483, 495 (6th Cir. 2002) (finding affidavit insufficient to create genuine issue of fact where it was not based on personal knowledge); Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (affidavit was improper where it was not made on personal knowledge and did not set forth facts that would be admissible in evidence).

Page 26, lines 14-25 and Page 27, lines 1-25 of Kurt Slep's deposition reads as follows:

> Q.   Who conducted the investigation of Donovan's Reef?
>
> A.   Mr. Harrington had investigators – his team.
>
> Q.   So you didn't know who, if anyone, went to Donovan's Reef?
>
> A.   I do know now.
>
> Q.   Who?
>
> A.   The person name?
>
> Q.   Yes.
>
> A.   Name called – person called Frank Rice.
>
> Q.   Frank Rice. Does he work for Slep-Tone?
>
> A.   He did. He's deceased now. He died about three weeks ago.
>
> Q.   Is Frank Rice also the individual that went to Green Glass Mall or investigated Green Glass Mall?
>
> A.   If I'm correct in my recollection, there was not a specific in person investigation done by – on Green Glass Mall. Based on online research, it was

learned that it was a common ownership situation with Donovan's Reef.

Q.  So Frank Rice actually went to Donovan's Reef; is that correct?

A.  That's correct.

Q.  No investigator went to Green Glass; is that correct?

A.  To the best of my knowledge that's correct. But based on common ownership and historically the way we know multi system operators work, they generally have identical systems if they have copied or created preloaded hard drives.

Q.  So do you have any documentation or any information with respect to Green Glass Mall and the allegations that you outlined in your case in Federal Court here?

A.  Do we have the same investigation that Frank Rice did, no. Do we have cause for belief that they also had unauthorized copies, yes.

Page 28, lines 8-12 and 18-20 reads as follows:

Q.  No, sir. I want to know what specific information you have for bringing a lawsuit against Green Glass Mall.

A.  Based on research, online research, common ownership.

Q.  Based on research performed by Mr. Harrington?

A.  And his staff. That's why this is attorney work privilege.

Page 30, lines 20-25 reads as follows:

Q.  Just to make sure I'm correctly understanding this, Slep-Tone has filed a lawsuit against Green Glass Mall based upon common ownership; is that correct?

A.  Yes, because Donovan's Reef has unauthorized copies and they do not run the CD graphics which is our product.

Page 31, lines 16-25 reads as follows:

Q.  With respect to Donovan's Reef, specifically as it pertains to Donovan's Reef, what information do you have on behalf of Slep-Tone that Donovan's Reef was improperly using the products – the karaoke products of Slep-Tone?

A.  They were in a computer.

Q.  They were running the computer?

Page 32, lines 1-2 and 17-25 reads as follows:

> A. Yes, they were not – they were not playing my original CD graphics disk during the investigation.
>
> Q. So not using a Slep-Tone disk?
>
> A. Sound Choice brand, yes, correct.
>
> Q. How do you know that, sir?
>
> A. Because the investigator commented no disk were played. Just playing from a computer.
>
> Q. And your investigator was Frank Rice?
>
> A. Correct.
>
> Q. Did he specifically talk about which songs?
>
> A. Yes, sir.

Page 33, lines 6-9 and 13 reads as follows:

> Q. Okay. All right.
>
> A. And 9 of the 12 were Sound Choice branded products.
>
> Q. What were those nine songs?
>
> A. Yeah. A song called Chantilly Lace.

Page 36, lines 22-23 reads as follows:

> Q. What is the next song?
>
> A. A Little Bit More.

Page 38, lines 14-15 reads as follows:

> Q. Next song?
>
> A. Under The Bridge.

Page 39, lines 17-20 reads as follows:

> A. I'm going to give you the rest of the songs. Margaritaville, Bodies, Mustang Sally, Jose Cuervo, Hotel California, If Tomorrow Never Comes. That's nine Sound Choice trademark songs out of 12 observed.

23. Based upon the deposition testimony of the Plaintiff's representative, Mr. Slep, the Plaintiff has no basis for its claim against Green Glass Mall. In addition, due to the unfortunate demise of Frank Rice, any claims against Donovan's Reef would be hearsay. Nevertheless, Donovan's Reef and Green Glass Mall have the original copies of the CD+G compact disks. In fact, every song outlined by Mr. Slep within his deposition, and thousands of other songs with the SOUND CHOICE marks, are on a physical compact disk. Attached to the affidavit of George Davis are pictures of these disks. As a result, although Plaintiff cannot substantiate its basis for the claims against Donovan's Reef and/or Green Glass Mall, Donovan's Reef and Green Glass Mall are authorized to play the SOUND CHOICE marks during the karaoke shows in that it purchased and is the owner of hundreds of compact disks from Slep-Tone with the SOUND CHOICE marks.

24. Slep-Tone has failed to produce any evidence to demonstrate any unauthorized use of the SOUND CHOICE marks by Donovan's Reef and/or Green Glass Mall.

WHEREFORE, Defendants, Donovan's Reef Lounge & Package Store, Inc., and Green Glass Mall, Inc., respectfully pray that this Honorable Court enter an Order granting Defendants' Motion for Summary Judgment, awarding the Defendants all costs, including reasonable attorney fees, and grant such other relief as the Court may deem just and proper.

DATED this 29 day of May, 2012.

*/s/ Mitch Dever*
Mitch Dever
Florida Bar No. 0939730
P.O. Box 9811
Panama City Beach, FL 32417
Telephone: (850) 234-5555
Attorney for Defendants, Green Glass Mall, Inc. and Donovan's Reef Lounge and Package Store, Inc.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the office of the undersigned counsel has attempted to confer with counsel for Plaintiff concerning the subject matter of the instant action; however, Plaintiff's legal counsel did not stipulate on behalf of the Plaintiff to any of the requested relief within this Motion.

*/s/ Mitch Dever*
Mitch Dever

## CERTIFICATE OF SERVICE

I hereby certify that on 5/29, 2012, the above and foregoing has been electronically filed in the United States District Court, Northern District of Florida, Tallahassee Division, by using the CM/ECF system, which will send notification of such filing to all persons registered for this case.

*/s/ Mitch Dever*
Mitch Dever