IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| In re SLEP-TONE ENTERTAINMENT CORP., consolidated cases. | Civil Action No. 5:11-cv-00032-RS/CJK |

### PLAINTIFF'S FIRST MOTION FOR ATTORNEY FEES

The Plaintiff, Slep-Tone Entertainment Corporation, by its counsel, hereby moves pursuant to Fed. R. Civ. P. 37(a)(5) for an order requiring Defendants Donovan's Reef Lounge & Package Store, Inc. ("Donovan's Reef") and Green Glass Mall, Inc. ("GGM") to pay its reasonable expenses, including attorney fees, in connection with making its motion (Doc. 138) to compel production. In support of the motion, the Plaintiff shows the Court as follows:

1. On December 2, 2011, the Plaintiff propounded various Rule 34 requests for production that called for, among other things, computer equipment and compact discs belonging to Donovan's Reef and GGM to be produced for inspection and copying.

2. Neither Defendant provided timely responses to the Plaintiff's requests. Despite repeated requests from the Plaintiff and despite the Defendants' repeated promises to comply with Rule 34, the Defendants failed and refused to provide written responses to the Plaintiff's discovery requests until five days

1

before the close of discovery in this matter, waiting particularly until after the Plaintiff and its representative had appeared in the District for a deposition to provide those responses.

3. The Plaintiff repeatedly requested that counsel for the Defendants coordinate an inspection of the requested materials, but counsel for the Defendants refused to return telephone calls or emails during the discovery period. After the discovery period ended, counsel for the Defendants then flatly refused to allow the inspection, stating that the discovery period had ended and that the Plaintiff had "missed [its] chance."

4. On April 20, 2012, the Plaintiff—having secured an extension of time to file a motion to compel and having repeatedly requested that the Defendants permit the inspection—moved to compel production of the requested items. After a short hearing on May 16, 2012, the Court indicated that the motion would be granted and required Plaintiff's counsel to craft an appropriate order in consultation with counsel for the Defendants.

5. Despite the Court's clear order to cooperate, counsel for the Defendants lodged various spurious objections to the order prepared by the Plaintiff, which necessitated several rounds of discussions as the order was negotiated. The proposed order was submitted on May 29, 2012, and entered on

June 1, 2012.  (Doc. 176.)  The Court expressly reserved its ruling on the question of attorney fees.

      6.      The Plaintiff's counsel and its representative scheduled a trip to Panama City, Florida, to inspect the discs and computer systems (including storage media) on June 13, 2012.  Despite having negotiated an order requiring all of the computer systems and storage media to be made available for inspection "together with all power supplies ... necessary to operate the computer or storage medium," the Defendants failed to make both computer systems available for inspection and failed to provide power supplies needed to operate two of the storage media at that time.  The inspection was interrupted to continue a deposition of the Plaintiff,[1] but at the conclusion of that deposition, counsel for the Defendants refused to resume the inspection of the remaining computer systems and storage media despite an order to do so.

      7.      At the final pretrial conference, the Plaintiff asked the Court to enforce the prior order and to require the Defendants to resume the inspection, which request was granted.

      8.      The Defendants' refusal to permit a complete inspection of their holdings as ordered by the Court was not justified.

---

[1] The deposition was conducted in person because the Plaintiff's representative was present to conduct the inspection; the Court had expressly stated in its order regarding the deposition that the deposition could be completed by telephone.

3

9. As a direct result of the Defendants' refusal to comply with a proper discovery request and refusal to comply with the order to compel, the Plaintiff and its counsel incurred an additional $1,234.16 in expenses and 15.6 hours of attorney time, as follows based upon contemporaneous time entries:

| Date | Description | Hours |
|---|---|---|
| 4/19/2012 | Legal research regarding motions to compel, Rule 34, and local rules regarding motions; review of discovery requests and records of communications with Defendants' attorney documenting attempts to gain cooperation | 1.9 |
| 4/20/2012 | Preparing, filing motion to compel production | 2.8 |
| 4/27/2012 | Receiving, reviewing Defendants' response to motion to compel production | 0.5 |
| 5/14/2012 | Preparing for hearing on motion to compel | 1.5 |
| 5/15/2012 | Attendance in court for hearing on motion to compel | 1.0 |
| 5/21/2012 | Preparation of draft proposed order on motion to compel | 2.8 |
| 5/25/2012 | Review of Defendants' comments regarding proposed order; revising proposed order in response to comments | 1.4 |
| 5/29/2012 | Review of Defendants' comments on revised proposed order; submitting proposed order to Court | 0.5 |
| 6/13/2012 | Conducting Rule 34 inspection of Defendants' karaoke systems | 2.7 |
| 6/29/2012 | Continuing Rule 34 inspection of Defendants' karaoke systems | 0.5 |
| 7/26/2012 | Preparing motion for attorney fees (this document) (fees waived) | 0.0 |
| | **TOTAL** | **15.6** |

10. Counsel for the Plaintiff, James M. Harrington, was first licensed to practice law in 2001 and has been in practice continuously since that date. Mr. Harrington is registered to practice before the U.S. Patent and Trademark Office in

patent cases. Mr. Harrington's practice has been at least partially (since 2001) and substantially completely (since 2004) devoted to litigation regarding intellectual property matters, including trademark infringement actions.

11. Mr. Harrington's hourly rate for intellectual property litigation matters is $300.00, a rate that reflects experience and expertise in intellectual property matters beyond those of more general practitioners.

12. Mr. Harrington's hourly rate is identical to the median hourly billing rate for attorneys in his experience band (10-14 years) and is slightly higher than the median hourly billing rate for attorneys in the Metro Southeast region (including both the Plaintiff's home territory and the place of trial of this matter), regardless of experience ($280.00), according to the 2010 Report of the Economic Survey collected by the American Intellectual Property Law Association, excerpted as Exhibit A.

13. The Defendants' delays necessitated transportation and travel expenses that would have been avoided had the Defendants simply complied with the requests for production, including airfare ($780.40), ground transportation ($148.74, calculated at 268 miles round trip between Pensacola and Panama City at the current IRS per-mile rate of $0.555), and hotel expense ($305.02). These expenses are customary and reasonable under the circumstances. Documentation of the Plaintiff's expenses is attached hereto as Exhibit B.

14. Counsel for the Plaintiff provided counsel for the Defendants with a copy of this motion in its entirety on July 26, 2012, inviting comment and requesting a conference about the matter. Counsel for the Plaintiff also attempted on July 31 to reach counsel for the Defendants by telephone but was answered only by voice mail.

Wherefore, the Plaintiff respectfully requests an order for the payment of reasonable expenses and attorney fees incurred in making the motion to compel, in a total amount of $5,914.16.

Respectfully submitted this the 31st day of July, 2012.

**HARRINGTON LAW, P.C.**

By: s/James M. Harrington
James M. Harrington, NCSB No. 30005
jharrington@harringtonlawpc.com
HARRINGTON LAW, P.C.
P.O. Box 403
Concord, NC 28026-0403
Tel: 704-315-5800
Fax: 704-625-9259
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing paper is being filed on the date indicated below using the Clerk's CM/ECF system, which will send a Notice of Electronic Filing to counsel of record as follows:

STEVEN MITCHELL DEVER mitchdever@comcast.net

Date: July 31, 2012          s/James M. Harrington