IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| In re SLEP-TONE ENTERTAINMENT CORP., consolidated cases. | Civil Action No. 5:11-cv-00032-RS/CJK |

## PLAINTIFF'S RULE 72(a) OBJECTION TO ORDER DENYING ATTORNEY FEE AWARD

The Plaintiff, Slep-Tone Entertainment Corporation, by its counsel, hereby objects pursuant to Fed. R. Civ. P. 72(a) to the Order (Doc. 218) denying the Plaintiff's motion (Doc. 211) for an award of attorney fees from Defendants Green Glass Mall, Inc. and Donovan's Reef Lounge & Package Store, Inc., arising from a motion to compel production.

Upon consideration of timely objections to the order of a magistrate judge on a nondispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

If a motion to compel is granted, the Court:

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

1

Fed. R. Civ. P. 37(a)(5)(A).  Exceptions are available if the party's nondisclosure, response, or objection was substantially justified, among other reasons not applicable to the present situation.  *See id.*

The Court previously granted (Docs. 176, 212) two separate motions for attorney fees to the Defendants.  In the order to which the present objection has been made, the Court vacated the second of these awards and denied the Plaintiff's motion.  In that order, there was <u>no finding</u> that the Defendants' failure to produce their computer systems and discs for inspection was "substantially justified."  Indeed, there was no reason at all given for the denial of the Plaintiff's motion, beyond that "this matter must come to an end."  Such a denial is arbitrary and capricious.

More importantly, however, the failure to award attorney fees on the Plaintiff's motion is <u>clearly contrary to Rule 37</u> and must therefore be reversed.

In view of the foregoing, the Plaintiff respectfully requests that the Court reverse the order of the Magistrate Judge and enter an order requiring the Defendants to pay attorney fees and costs in the amount of $5,914.16, as determined in accordance with the Plaintiff's original motion.

Respectfully submitted this the 17th day of August, 2012.

**HARRINGTON LAW, P.C.**

By:  s/James M. Harrington
James M. Harrington
N.C. State Bar No. 30005
jharrington@harringtonlawpc.com
Attorney for the Plaintiff

HARRINGTON LAW, P.C.
P.O. Box 403
Concord, NC 28026-0403
Tel: 704-315-5800
Fax: 704-625-9259

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing paper is being filed on the date indicated below using the Clerk's CM/ECF system, which will send a Notice of Electronic Filing to counsel of record as follows:

STEVEN MITCHELL DEVER mitchdever@comcast.net

Service on the following CM/ECF non-participants is being made on the same date by depositing a copy of same as First Class Mail, postage prepaid, in envelopes addressed to:

```
ROBERT L. PAYNTER, SR.
9083 SEAFAIR LN
TALLAHASSEE FL 32317-8188
```

Date: August 17, 2012             s/James M. Harrington