[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 12-14304
Non-Argument Calendar

D.C. Docket No. 5:11-cv-00032-RS-CJK

SLEP-TONE ENTERTAINMENT CORPORATION,

Plaintiff - Appellant,

versus

FAYE JOHNSON,
PARADISE MOON ENTERTAINMENT, INC.,
HI-NOTE ENTERTAINMENT, INC.,
CHARLES A. MCCONNIEL,
ROBERT GERHART, et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Florida

(May 10, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

In this case, Slep-Tone Entertainment Corporation contends that the defendants infringed its SOUND CHOICE trademark when they played karaoke songs in their bars even though they had not complied with Slep-Tone's policies. After a bench trial, the district court agreed with Slep-Tone about liability but found that the bars' profits were not an appropriate measure of Slep-Tone's damages. Slep-Tone contests that finding in this appeal and also challenges several discovery rulings.

I.

Slep-Tone produced compact discs containing music and videos to accompany karaoke performances. Each disc contains the instrumental music and a video that displays the lyrics of the selected song. Slep-Tone owns the valid, federally registered trademark SOUND CHOICE, and it owns a trademark in a SOUND CHOICE logo. That trademarked logo appears on each of the compact discs, the insert that accompanies each disc, and the video that accompanies each song. According to Slep-Tone, SOUND CHOICE "is recognized as one of the leading producers of high-quality karaoke accompaniment tracks." In the past, Slep-Tone sold each song for $1.50, but it has reduced the price to $0.75 per song to compete with pirated copies.

It is common practice in the karaoke industry to upload music and video files from compact discs to a computer hard drive. That practice, known as "media

2

shifting," makes it easier for hosts of karaoke shows to transport their equipment from one location to another. Slep-Tone did not initially allow media shifting of its SOUND CHOICE product, but because it commonly occurred, Slep-Tone developed and began enforcing a "Media Shifting Policy" in 2007. The policy allowed consumers to transfer SOUND CHOICE files from compact discs to a computer hard drive if they complied with three conditions. First, the consumer had to own the compact disc for each karaoke track on a hard drive. Second, the consumer had to notify Slep-Tone before transferring any files from a compact disc to a hard drive. Finally, the consumer had to allow Slep-Tone to audit its karaoke system to check compliance with the policy.

Donovan's Reef Lounge & Package Store, Inc. and Green Glass Mall, Inc., which share some common ownership, operate two liquor stores and bars in Panama City Beach, Florida. Both bars owned the equipment needed to put on karaoke shows and did so frequently to attract customers. That equipment included three red hard drives, all of which had the same files on them. One red hard drive was for Donovan's Reef, the second was for Green Glass, and the third was a backup. The three red hard drives were created by copying the files from a silver hard drive. The silver hard drive was created by media shifting music and video files from SOUND CHOICE compact discs. As a result of that process, each

of the three red hard drives contained electronic files that were equivalent to 222 compact discs.

Under Slep-Tone's media shifting policy, Donovan's Reef and Green Glass Mall collectively should have had three physical compact discs for each of the 222 discs that had files on each of the three hard drives. That is a total of 666 discs. When Slep-Tone audited Donovan's Reef and Green Glass Mall, however, it found that together they had only 240 discs. In other words, their required collection was missing 426 discs.

## II.

Slep-Tone brought five separate lawsuits in the Northern District of Florida against Donovan's Reef, Green Glass Mall, and dozens of other defendants, alleging infringement of the SOUND CHOICE trademark and state law claims for deceptive and unfair trade practices.[1] Those suits were consolidated into a single action under Federal Rule of Civil Procedure 42(a)(2). Slep-Tone's claims against many of the defendants settled. The claims against three of the defendants, however, including Donovan's Reef and Green Glass Mall, proceeded to a bench

---

[1] There is no allegation of infringement based on the content of the karaoke accompaniment tracks involved in this case, and we do not address that issue. Cf. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37, 123 S.Ct. 2041, 2050 (2003) ("[R]eading the phase 'origin of goods' in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.")

4

trial. Following the bench trial, the district court entered judgment against Donovan's Reef and Green Glass Mall in the amount of $9,585.[2]

Slep-Tone appeals that judgment, raising two issues related to the relief it sought and two issues related to discovery.[3] As to the relief-related issues, Slep-Tone contends that the district court erred by: (1) not awarding as damages profits from the defendants' bars; and (2) not granting a permanent injunction against future unauthorized use of the SOUND CHOICE trademark by Donovan's Reef and Green Glass Mall. As to the discovery issues, Slep-Tone contends that the district court erred by: (1) granting Donovan's Reef's motion to compel Slep-Tone's corporate representative's deposition testimony about certain matters; and (2) not awarding it attorney's fees for the defendants' failure to permit inspection of their karaoke discs and systems.

---

[2] The district court entered judgment in favor of the third defendant in the bench trial, finding that Slep-Tone did not prove that defendant used the SOUND CHOICE trademark. Slep-Tone has not appealed the district court's ruling as to that defendant.

[3] At the time Slep-Tone filed its notice of appeal, there was not a final judgment within the meaning of 28 U.S.C. § 1291 because its claim against one defendant (who did not participate in the bench trial and who is not a party to this appeal) had been dismissed without prejudice. See Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 302–03 (5th Cir. 1978) (holding that a partial adjudication on the merits followed by a voluntary dismissal without prejudice of the remaining claims is not a final judgment that gives rise to appellate jurisdiction); see also Mesa v. United States, 61 F.3d 20, 21–22 (11th Cir. 1995) (same). We have jurisdiction over this appeal, however, because the district court later dismissed with prejudice all of Slep-Tone's claims against that defendant, which terminated the litigation and "cure[d] [the] premature notice of appeal." Robinson v. Tanner, 798 F.2d 1378, 1383 (11th Cir. 1986); see also Jetco Elec. Inds. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir. 1973) (explaining that when "two orders, considered together, terminate[] [the] litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders," there is appellate jurisdiction notwithstanding the fact that the notice of appeal is filed before the second order is entered).

III.

A.

Slep-Tone first contends that the district court should have awarded it damages in the form of the profits Donovan's Reef and Green Glass Mall earned from their alcohol sales during the times that karaoke shows were performed in their bars. The Lanham Act provides that a plaintiff who prevails in a trademark infringement action "shall be entitled, subject to the provisions of [15 U.S.C. §§ 1111 and 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). The Act, however, gives the district court broad discretion to award damages that are appropriate to the facts of the particular case. It states:

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

Id.; see also Ramada Inns, Inc. v. Gadsden Motel Co., 804 F.2d 1562, 1564–65 (11th Cir. 1986) (explaining that "the Lanham Act . . . expressly confers upon district judges wide discretion in determining a just amount of recovery for trademark infringement") (quoting Holiday Inns, Inc. v. Alberding, 683 F.2d 931, 935 (5th Cir. 1982)); Burger King Corp. v. Mason, 710 F.2d 1480, 1495 (11th Cir.

6

1983) (noting that 15 U.S.C. § 1117 "vests considerable discretion in the district court").

Because of the broad discretion the Act confers on the district court, "the district court's damage assessment is entitled to deference." Ramada Inns, 804 F.2d at 1564. We will not disturb it on appeal unless it is "clearly inadequate." Id. (quoting Holiday Inns, 683 F.2d at 935). Here, the district court awarded Slep-Tone $9,585 in damages, which "represent[s] the amount of lost revenue for a total of 426 discs at wholesale price." The court concluded that awarding profits was not appropriate in this case because although Slep-Tone "may have proven defendants' bar sales by a preponderance of the evidence," it did not "trace[] those sales in a reliable way to karaoke performances."

Slep-Tone contends that the district court should have awarded it profits because it proved that the defendants' conduct was willful and deliberate. It also contends that it was the defendants' burden to prove which portion of the bars' profits was not attributable to the infringement of Slep-Tone's trademark. Slep-Tone's arguments miss the mark. As we have already explained, the district court has considerable discretion to award damages that are appropriate to the unique facts of the case. When the district court concludes that an award of profits is "excessive," 15 U.S.C. § 1117 expressly provides that it may award an amount of damages "as [it] shall find to be just."

In calculating the appropriate damages award in this case, the district court correctly observed that "[t]his is not the typical trademark case where the infringer produces a product and markets it under the trademark of another." Accordingly, the defendants' profits do not necessarily provide an accurate — or even a reasonable — estimate of Slep-Tone's damages. As the court correctly pointed out, it defies common sense to assume that all the profits a bar makes during the time it is offering karaoke are attributable to the fact that it is offering karaoke. Nor was there any evidence presented at trial that reliably estimated what percentage of the defendants' profits was attributable to the fact that they offered karaoke. Furthermore, the evidence at trial showed that the defendants did not directly profit from the fact that they offered karaoke shows bearing the SOUND CHOICE trademark; they did not require customers to pay a cover charge during those times; nor did they charge a fee for a person to step up to the microphone and sing. On the facts of this case, the district court's award of actual damages of $9,585 was not "clearly inadequate." We therefore affirm that award.

B.

Slep-Tone next contends that the district court erred by not granting a permanent injunction against unauthorized use of the SOUND CHOICE trademark. We review for an abuse of discretion a district court's denial of an injunction. Angel Flight of Ga., Inc. v. Angel Flight America, Inc., 522 F.3d 1200,

1208 (11th Cir. 2008).  In determining whether to grant injunctive relief, the district court should consider whether:  (1) the plaintiff has suffered an irreparable injury; (2) legal remedies are inadequate to redress that injury; (3) equitable relief is warranted based on the balance of hardships between the plaintiff and defendant; (4) granting injunctive relief serves the public interest.  Id.

Here, the district court denied Slep-Tone's request for a permanent injunction, stating only:

> I decline to enter an injunction against the future use of the [SOUND CHOICE] mark because the boundaries of [the] media shifting policy are ill defined and it would be difficult to fashion an injunction to comport with that policy.  The defendants are now on notice that their use is subject to Plaintiff's scrutiny and are cautioned that their future actions must comply with applicable trademark laws.

That explanation does not address the four factors that courts must consider in determining whether injunctive relief is warranted.  Instead, the district court denied Slep-Tone an injunction simply because it would have been difficult for the court to craft one that fits the circumstances of this case.  That reason alone cannot support the denial of injunctive relief, and it was an abuse of discretion to deny Slep-Tone's request for an injunction without considering the proper factors.  See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) ("A district court abuses its discretion if it applies an incorrect legal standard [or] follows improper procedures in making [its] determination.") (quoting Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002)).

9

Accordingly, we vacate the district court's denial of a permanent injunction and remand with instructions to consider Slep-Tone's request under the correct standard. In doing so, we express no opinion about whether in light of those four factors an injunction should be entered. See Macklin v. Singletary, 24 F.3d 1307, 1311 (11th Cir. 1994) ("Because our scope of review is narrower and a district court's range of choice broader under the abuse of discretion standard, we should be more reluctant to address in the first instance issues to which that standard of review applies.")

## IV.

Slep-Tone contends that the district court erred by: (1) granting Donovan's Reef's motion to compel Slep-Tone's corporate representative's testimony about certain matters during a deposition and awarding Donovan's Reef attorney's fees; and (2) denying its motion for attorney's fees from the defendants based upon a discovery dispute. We review a district court's rulings on discovery matters, including sanctions and attorney's fees, for an abuse of discretion. OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1360 (11th Cir. 2008).

### A.

During discovery, counsel for Donovan's Reef deposed Kurt Slep, Slep-Tone's corporate representative under Fed. R. Civ. P. 30(b)(6). Donovan's Reef's

attorney attempted to ask Slep what the factual basis for Slep-Tone's lawsuit was, and Slep refused to answer as follows:

> Q: Why are you suing Donovan's Reef?
> A: Because they apparently met the criteria that they have unauthorized media shifted our content.
> Q: Apparently?
> A: I don't have the information. . . .
> Q: I'm just trying to figure out why you're suing Donovan's Reef
> A: Because they would've met the criteria that they have unauthorized —
> Q: How do you know that?
> . . .
> A: My attorney has all the information.
> . . .
> Slep-Tone's counsel: I think that is requesting our work product . . . I am not going to produce any of that information.

Donovan's Reef moved to compel Slep's testimony about why Slep-Tone was suing it, and the magistrate judge granted that motion. The magistrate judge also concluded: "Pursuant to [Fed. R. Civ. P.] 37, I find that Slep-Tone's refusal to answer the deposition question was not substantially justified. Accordingly, I will award reasonable expenses incurred by Donovan's Reef in pursuit of [the motion to compel," including attorney's fees. Slep-Tone made a motion to set aside the magistrate judge's award of attorney's fees under Fed. R. Civ. P. 72(a), but the district court denied that motion.

Slep-Tone contends that the magistrate judge abused his discretion by granting the motion to compel because the information that Donovan's Reef sought from Slep was protected by the attorney-client privilege. The attorney-client

privilege, however, protects only "disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Upjohn Co. v. United States, 449 U.S. 383, 395, 101 S.Ct. 677, 685 (1981). Counsel for Donovan's Reef did not ask Slep about any communications he had with Slep-Tone's attorney; he asked only for the underlying facts that led to Slep-Tone's lawsuit. Those facts are not protected by the attorney-client privilege, and therefore the district court did not abuse its discretion in granting Donovan's Reef's motion to compel and awarding attorney's fees.

### B.

Slep-Tone also argues that the district court erred by denying its motion for attorney's fees under Fed. R. Civ. P. 37 after the court granted Slep-Tone's motion to compel discovery and allowed it to inspect the karaoke discs the defendants owned and the karaoke systems they used at their bars. Slep-Tone maintains that "[t]he magistrate judge's ruling . . . offers no recognized justification for refusing to enter an attorney['s] fee award." We agree.

When the district court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "[T]he court must not

order this payment," however, if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The magistrate judge's order denying Slep-Tone's motion for attorney's fees does not mention Rule 37. It simply states:

> Notably, this case was resolved on the merits by the [d]istrict [c]ourt by its final judgment entered July 27, 2012. In the interim, the parties have now litigated two separate motions for attorney[']s fees, and I have ruled on the motion filed by counsel for Donovan[']s Reef Lounge & Package Store, Inc. and Green Glass Mall. I now conclude that this matter must come to an end. It is accordingly ORDERED as follows: . . . The pending First Motion for Attorney Fees filed by Slep-Tone is DENIED.

(Citations omitted.) The defendants contend that "implicitly . . . [t]he magistrate judge's ruling represents a finding under Rule 37(a)(5)(A)(iii) that the continual inability by both parties to agree on anything makes an award of expenses unjust to either party." We are unwilling, however, to find that the magistrate judge "implicitly" applied the correct legal standard when his decision does not cite to the applicable rule or track its language. And although we understand the desire to end the litigation between these parties, that desire alone is not a proper reason to deny Slep-Tone's motion for attorney's fees. See Fed. R. Civ. P. 37(a)(5)(A). It was an abuse of discretion to fail to discuss and apply the correct standard, and we vacate the order denying Slep-Tone's motion for attorney's fees and remand for

the district court to decide the motion under the correct legal standard. See Klay, 376 F.3d at 1096.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Case: 12-14304     Date Filed: 05/10/2013     Page: 1 of 1

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 10, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-14304-EE
Case Style: Slep-Tone Entertainment Corpor v. Faye Johnson, et al
District Court Docket No: 5:11-cv-00032-RS-CJK

On April 1, 2013, this Court began **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Lois Tunstall, EE at (404) 335-6224.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion