IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SLEP-TONE ENTERTAINMENT CORP.,**

    Plaintiff,

v.                                       CASE NO. 5:11-cv-32-RS-CJK

**FAYE JOHNSON, et al.,**

    Defendants.

_____/

## ORDER

Pursuant to the Opinion of the United States Court of Appeals for the Eleventh Circuit (Doc. 228), this action has been remanded for the purpose of determining the propriety of granting a permanent injunction. (Doc. 228, p. 10). The facts of this case are found in the Judgment dated July 17, 2012 (Doc. 201), and the Eleventh Circuit's Opinion. *Slep-Tone Entm't Corp. v. Johnson*, 12-14304, 2013 WL 1943426, at *1-4 (11th Cir. May 10, 2013).

In determining whether to grant injunctive relief, I must consider whether: (1) the plaintiff has suffered an irreparable injury; (2) legal remedies are inadequate to redress the injury; (3) equitable relief is warranted based on the hardships between the plaintiff and defendant; and (4) granting injunctive relief serves the public interest. *Id.* at *9 (citing *Angel Flight of Ga., Inc. v. Angel Flight*

*Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008).  A plaintiff must demonstrate all four of these criteria in order to warrant injunctive relief.  *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Plaintiff is not presumed entitled injunctive relief; rather my decision to grant or withhold injunctive relief is an act of equitable discretion.  *Id.  North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227-28 (11th Cir. 2008).

I first address whether legal remedies are adequate to redress the injury.  In the first judgment Plaintiff was awarded damages equal to the amount of revenue Plaintiff would have earned for the discs in question.  (Doc. 201, p. 14).  That was ample redress.  *Slep-Tone Entm't Corp. v. Johnson* 12-14304, 2013 WL 1943426, at *8 (11th Cir. May 10, 2013).  Ordinary legal remedies are adequate to redress Plaintiff's grievances.

Plaintiff must establish irreparable injury is *likely* as opposed to *possible* in the absence of an injunction.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 8 (2008) (emphasis added).  The first time Defendant violated Plaintiff's trademarks, Plaintiff received ample redress.  *Slep-Tone Entm't Corp. v. Johnson* 12-14304, 2013 WL 1943426, at *8.  Should Defendant recommence infringements, Plaintiff's injuries remain reparable.

The complaint alleges Plaintiff's harm stems from karaoke jockeys illegally file-sharing trademarked songs among each other.  (Doc. 1, pp. 3-4).  Plaintiff does

tolerate media shifting (file-sharing between two media, such as between a compact disc and a hard drive in this case) where disc owners follow precautions to safeguard trademarked material from third parties.  *Id*. at 17.  The facts indicate Defendants' infringement was limited to use at Defendants' establishments.  (Doc. 201, pp. 4-5).  Although it is possible Defendants may expand earlier media shifting activities to involve third parties, now that they are on notice of Plaintiff's scrutiny such expansion is unlikely.  *Id*. at 14.  Because Plaintiff has failed to establish the likelihood of this injury, I need not determine whether illegal file-sharing between multiple parties is irreparable.

Because ordinary legal remedies are sufficient to redress Plaintiff's grievances and an injunction would not prevent irreparable harm, I decline to address whether hardships between the parties warrant an injunction or whether an injunction would serve the public interest.  Plaintiff's request for a permanent injunction is **DENIED**.  The clerk is ordered to close the case upon Magistrate Judge Kahn's decision concerning Plaintiff's motion to award attorney's fees.

**DENIED** on August 7, 2013.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**