**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**In Re SLEP-TONE ENTERTAINMENT**
**CORP., consolidated cases,**                    **Case No. 5:11cv32/RS/CJK**

_____/

## ORDER

      This matter is before the court upon referral by the district judge following remand by the Eleventh Circuit, which vacated an order entered by the undersigned denying the plaintiff's motion for attorney's fees under Fed. R. Civ. P. 37.  *See* docs. 218, 228, 230.  The plaintiff filed the motion for attorney's fees after the court entered an order granting its motion to compel the defendants to make their karaoke discs and systems available for inspection and copying.[1]  In denying the motion, the court noted the contentious nature of this matter, as well as the fact that judgment had been entered following a non-jury trial, and found that the matter needed to be finally resolved.  *See id.*  The court thus vacated a prior order granting the defendants' motion for attorney fees[2] and denied the plaintiff's motion for attorney's fees.  As the Eleventh Circuit noted, in denying the plaintiff's motion for attorney's fees, the court neither cited Rule 37 nor specified an exception to the Rule as a basis for its decision. The Eleventh Circuit found that the court abused its discretion in that regard and

---

[1] Although the court granted the plaintiff's motion to compel, it reserved ruling on whether the defendants' refusal to produce the items was substantially justified.  *See* doc. 218.

[2] On July 31, 2012, the court entered an order (doc. 212) finding that the defendants were entitled to recover $1,710.00 in attorney's fees from the plaintiff in connection with a motion for sanctions on which the defendants prevailed.  *See* docs. 177, 181, 196).

vacated the court's order and remanded the matter for application of the correct legal standard.

The court admittedly erred in failing to comply with Rule 37 and, on reconsideration, finds that the plaintiff is entitled to recover the reasonable expenses it incurred in filing its motion to compel, including attorney's fees.  As the Eleventh Circuit explained, pursuant to Rule 37, when the court grants a motion to compel discovery, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  There are three exceptions to the rule, which include the following: (1) if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified;"[3] and (3) "other circumstances make an award of expenses unjust."  *Id.*  The defendants have failed to demonstrate that any of the exceptions apply.

The court has carefully reviewed the plaintiff's motion and finds that $3,720.00 in attorney's fees were reasonably incurred in bringing the motion to compel.[4]  The remainder of the amounts claimed by the plaintiff – $960.00 in attorney's fees (2.7 hours on June 13, 2012 and .5 hours on June 29, 2012) and $1234.16 in travel expenses – were not incurred by the plaintiff "in making the motion," as required by

---

[3] "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 Fed. Appx. 390, 392 (11th Cir. 2009) (internal marks omitted).

[4] The court finds that plaintiff's counsel's hourly rate and time completing tasks were reasonable.

the Rule. Instead, they were incurred in connection with the inspection of the defendants' equipment and continuation of the plaintiff's deposition and are not subject to recoupment under Rule 37.

The court also finds that, in the interest of justice, the prior order vacating the award of attorney's fees in favor of the defendants (doc. 218) should be vacated and the original order (doc. 212) reinstated.[5] *See Harper v. Lawrence Cnty. Ala.*, 592 F.3d 1227, 1231-32 (11th Cir. 2010) (holding that "[i]t is permissible for a district court to rescind its own interlocutory order" and citing *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995), for the proposition that a "district court may reconsider and amend interlocutory orders at any time before final judgment"); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir 2000) (noting that the court has unlimited power to reconsider, review, alter, or amend interlocutory orders and thus may revoke and reinstate previously issued orders); *see also Parker v. Schmeide Mach. and Tool Corp.*, 445 Fed. Appx. 231, 234 (11th Cir. 2011). Indeed, the court's decision to vacate its order awarding attorney's fees to the defendants was based on its denial of the plaintiff's motion for attorney's fees, which has been reversed, thus eroding completely the rationale for denying defendants' fees.

Accordingly, it is hereby ORDERED as follows:

1.     Plaintiff's First Motion for Attorney Fees (doc. 211) is **GRANTED** in part and **DENIED** in part. The plaintiff is entitled to recover from the defendants $3,720.00 in attorney's fees reasonably incurred in bringing its motion to compel. The plaintiff is not entitled to recover the $960.00 in attorney's fees and $1234.16

---

[5] The court notes that the district judge referred the matter to the undersigned for reconsideration not only of the plaintiff's motion for attorney's fees (doc. 211), but also the defendants' motion for attorney's fees (doc. 196). *See* doc. 230.

in travel expenses it incurred in connection with the inspection of the defendants'
karaoke systems and completion of the plaintiff's deposition.  The defendants and
their counsel, Mitchell Dever, shall have ten (10) days from the date of this order in
which to tender said payment to the plaintiff through its counsel, James Michael
Harrington, in the amount of $3,720.00.

2.      The court's order (doc. 218 vacating its prior order awarding $1,710.00
in attorney's fees to the defendants is hereby **VACATED** and the order awarding
such fees (doc. 212) is **REINSTATED**.  Accordingly, the plaintiff and its counsel,
James Michael Harrington, shall have ten (10) days from the date of this order in
which to tender payment to the defendants through their counsel, Mitchell Dever, in
the amount of $1,710.00, which represents the amount of attorney's fees the
defendants reasonably incurred in filing their second motion for sanctions (doc. 177).

**DONE AND ORDERED** this 11th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**